**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PATRICIA JONE HOBBS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 4933 |
| | ) | |
| **BAYER HEALTHCARE** | ) | |
| **PHARMACEUTICALS, INC.**; et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Two of the six defendants in this action, represented by the same law firms (including the same signing lawyer) -- Bayer HealthCare Pharmaceuticals, Inc. ("Bayer") and Merck & Co., Inc. ("Merck") -- have filed separate but mirror-image Answers to the products liability Complaint filed by Patricia Jone Hobbs ("Hobbs"), with each Answer being coupled with no fewer than 83 purported affirmative defenses ("ADs"). This memorandum opinion and order is issued sua sponte because the extraordinarily problematic (in many respects, appallingly problematic) nature of those responsive pleadings calls for striking both of those documents and requiring defense counsel to return to the drawing board with a new work product.

Before this opinion turns to the pleading flaws themselves, though, a few words should be said about practicality and courtesy. Although the recent change in standards announced in the <u>Twombly</u>-<u>Iqbal</u> dichotomy is directed toward pleadings by federal plaintiffs, the notice pleading message that they incorporate is one that should apply on both sides of the "v." sign in federal practice -- to defendants as well as plaintiffs. After all, because the real function of federal notice pleading is to identify the respects in which litigants are or are not at odds with

each other, it is really thoughtless on the part of defense counsel to thrust on their adversaries and the judicial officer to whom the case is assigned the task of wading through two separate Answers, occupying just under 150 pages instead of half that number, to become informed as to any respects in which jointly represented parties are or are not on the same page and the way (if any) in which they differ. Even though this was voiced in a somewhat different context, defense counsel here ought to be reminded of the colorful and accurate aphorism in United States v. Dunkel, 927 F.2d 955,956 (7th Cir. 1991) (per curiam):

> Judges are not like pigs, hunting for truffles. . . .

To turn now to the pleading problems as such, no effort will be made here to rank them in their order of importance. Instead they will be treated in the same sequence in which they appear in the responsive pleadings. And while this Court's sua sponte opinions or memorandum orders most often attempt to specify which paragraphs of a responsive pleading run afoul of lessons taught in the Appendix to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276 (N.D. Ill. 2001) and in other opinions by this Court, the proliferation of pleading offenses in this instance has caused this opinion simply to identify the offending practices without citing chapter and verse -- this time defense counsel will have to do the hunting for truffles.

That said, counsel's first offense pops up in each Answer ¶ 1 and is then repeated almost countless times thereafter:

> Paragraph -- of the Complaint states legal conclusions to which no answer is
> required.

Not so -- see App'x ¶ 2 to State Farm. Fed. R. Civ. P. ("Rule") 8(b) contains no such exception, and the manner in which defense counsel have employed that notion is flat-out obstructionist in nature.

Next, where Hobbs' Complaint makes allegations directed solely against codefendants other than the pleader, it is of course accurate and permissible to say that no response from the pleader is required (see each Answer ¶ 2, for example). But it then makes no sense at all to add to that nonresponse this kind of meaningless addition (id.):

> To the extent that the allegations in Paragraph -- are directed at [the pleader], they are denied.

Next in the order of initial appearance, and then repeated a number of times, are Rule 8(b)(5) disclaimers (see, e.g., each Answer ¶ 5) that are followed by the assertion "and therefore denies them." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation, then proceed to deny it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), that quoted language must be and is stricken from each of those paragraphs of the Answer.

Another attempted dodge of a defendant's Rule 8(b)(1)(B) obligation to "admit or deny the allegations asserted against it by an opposing party" is found in defense counsel 's frequent use of the locution "speaks for itself" in dealing with an allegation about a statute or a document or other writing. That is wholly unacceptable -- see App'x ¶ 3 to State Farm. Moreover, defense counsel compounds that unacceptability by frequently linking that locution as to a statute or disclaimer with a statement that Bayer or Merck "denies any allegation inconsistent therewith." Even a moment's thought should have torpedoed that approach -- how is the reader supposed to guess what the pleader believes to be "inconsistent therewith"?

There may well be other venial (as contrasted with mortal) sins contained in the existing Answers (other than the problems with counsel's purported ADs, which will be dealt with next),

but this Court has no desire to expend its resources on this task any more than is necessary.

Instead it will leave that to Hobbs' counsel to the extent that they may find anything further that

needs correction -- or even better, it is hoped that defense counsel will take a more constructive

approach to their pleading responsibilities the next time around.

That then leaves for discussion the true absurdity of the vast proliferation of supposed

ADs. In that respect defense counsel are first referred to App'x ¶ 5 to State Farm. But that is

only the beginning, for what each pleading sets out under the caption "Separate Defenses"

reveals a total misconception of what the pleading of ADs is about. Here for example is the

Bayer statement (Merck's is identical in content):

> Discovery and investigation may reveal that one or more of the following
> additional defenses should be available to Bayer in this manner. Bayer
> accordingly preserves the right to assert these separate and additional defenses.
> Upon completion of discovery, if the facts warrant, Bayer may withdraw any of
> these additional defenses as may be appropriate. Bayer further reserves the right
> to amend its answers and defenses, and to assert additional defenses and other
> claims, as discovery proceeds.

That totally hypothetical and speculative approach is unacceptable, for a true AD must advance a

real and presently existing case or controversy[1] with respect to the well-pleaded allegations of a

complaint (which must be accepted as gospel for that purpose).

Hence all of the purported ADs are stricken, but without prejudice to the reassertion of

any that now exist and can be asserted in the objective and subjective good faith required by

Rule 11(b). Two matters should be added in that respect:

1.     Each so-called "First Defense," which is the equivalent of a Rule 12(b)(6)

motion to dismiss, cannot properly be advanced in that fashion. If counsel

---

[1] Shades of Article III!

really believe such a motion to be well taken, it must be asserted <u>now</u> in a

properly supported form, not left like a ticking time bomb that may be

exploded at some future date.  Failure to launch a Rule 12(b)(6) attack at

the outset forfeits that defense.

2.      That same fleshing-out requirement is applicable to <u>any</u> true AD, so that

the parties and this Court can address such legal questions up front to the

extent that they need addressing.

That said, of course, it is understood that any real (rather than hypothetical and speculative) AD

that may emerge during the course of discovery or otherwise can then be tendered by an

appropriate motion when that takes place.

<b><u>Conclusion</u></b>

Both of the current Answers (including their ADs) are stricken in their entirety,

with defense counsel being granted leave to file a single combined Amended Answer on behalf

of both Bayer and Merck on or before August 7, 2015.  Any ADs that are included in that joint

Amended Answer must conform to the limitations ordered in this opinion.  And lastly, no charge

may be made to Bayer or Merck by their counsel for the added work and expense incurred in

correcting counsel's errors.  Defense counsel are ordered to apprise their clients to that effect by

letters, with copies to be transmitted to this Court's chambers as an informational matter (not for

filing).

After this opinion had been dictated by this Court, then transcribed and self-edited for

issuance, this Court had the case docket sheets printed out to see the posture of the case as to the

other four defendants.  It turns out that counsel for three of the four (all but the other Bayer

defendant) had filed two lengthy answers on July 15 -- emulating the Bayer-Merck counsel by

such multiple representation -- but had not complied with LR 5.2(f) and this Court's confirmatory

order on its website when they failed to deliver paper Judge's copies to this Court's chambers.

That noncompliance will cost counsel (not their clients) $200 as a fine payable to the Clerk of

Court, with counsel also being directed to deliver the paper copies to chambers forthwith

(because this Court has not seen those answers, of course it cannot yet determine whether

anything said in this opinion other than the undesirability of separate responses applies to them

as well).  As for the other Bayer defendant, Bayer Corporation, if the current Bayer-Merck

counsel will not also be representing it they are directed to pass a copy of this opinion along to

the lawyers for that company as an informational matter.

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 20, 2015